UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDUARDO LOPEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 17-1772(MCA)

MEMORANDUM AND ORDER

This matter having been opened to the Court by Petitioner's "Petition for Release/ Reduction in Sentence Pursuant [to] 18 U.S.C. §3582 / Policy Statement 5050.49 and Application of the Holloway Doctrine." For the reasons explained in this Memorandum and Order, the Court will deny Petitioner's Petition without prejudice to his filing of an appropriate request for relief with the Bureau of Prisons ("BOP").

The Clerk of the Court docketed the instant Petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The Petition, however, does not appear to assert claims under 28 U.S.C. § 2255. It neither seeks to invalidate Mr. Lopez's convictions nor makes a legal challenge to the duration of his sentence. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (instructing that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"). Rather, the Petition purports to be a motion for reduction of sentence pursuant to 18 U.S.C. § 3582 and references Petitioner's criminal cases, *i.e.*, 10-cr-796 and 13-cr-33. Petitioner subsequently wrote to the Court to clarify that he intended to file this action in his criminal

1

case(s), and asks the Court to re-docket the matter and administratively terminate this case. (ECF No. 5.)

Under 18 U.S.C. § 3582(c)(1)(A)(i), a term of imprisonment can be reduced if "extraordinary and compelling reasons warrant such a reduction," but only upon "motion of the Director of the Bureau of Prisons." That provision reads, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that (1) in any case—(A) the court, <u>upon motion of the Director of the Bureau of Prisons</u>, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statutory language makes it clear that, in order for an inmate to be even considered for such relief, a motion for his sentence reduction should be filed by the Director of the BOP after the Director approves an inmate's application for compassionate release. If the BOP files such a motion, then the Court may reduce a sentence after considering the relevant factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Without satisfying this condition precedent, an inmate has no basis for seeking relief. *See Chu v. Hollingsworth*, No. CIV.A. 14-4598 RMB, 2014 WL 3730651, at *3–4 (D.N.J. July 28, 2014). The BOP has broad discretion as to whether to move the court for a sentence modification. In light of this broad statutory grant of discretion, federal appellate and district courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable. *See Chu*, No. 2014 WL 3730651, at *3–4 (collecting cases). The Third Circuit has held in unpublished decisions that the BOP's decision to file a motion under § 3582(c)(1)(A)(i) or its predecessor is not judicially reviewable" as "[t]he

2

statute plainly vests the decision to pursue relief solely with the BOP." *Fields v. Warden Allenwood USP*, No. 17-1045, 2017 WL 1241953, at *1 (3d Cir. Apr. 4, 2017). The overwhelming majority of district courts have also dismissed habeas corpus petitions challenging the BOP's refusal to move for compassionate release on an inmate's behalf. *See Salvagno v. Dir., Bureau of Prisons*, No. 3:17CV318 (MPS), 2017 WL 5159214, at *4 (D. Conn. Nov. 7, 2017) (collecting cases).

Whether construed as a habeas petition or a criminal motion, the Petition asks the Court to reduce Petitioner's sentence based on special circumstances. It does not appear, however, that Petitioner has filed an application for compassionate release with the BOP or that the Director of the BOP has moved for a reduction of sentence on his behalf. "[W]ithout a motion from the BOP, the district courts have no authority to reduce a federal inmate's sentence based on special circumstances." *Share v. Krueger*, 553 F. App'x 207, 209 (3d Cir. 2014) (citing *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)). Thus, to the extent Petitioner wishes to seek compassionate release based on his age, deteriorating health, exemplary behavior, and other special circumstances, he must do so by applying for compassionate release from the BOP, and not through filing a habeas petition or criminal motion directly with this Court. Petitioner's attempt to secure compassionate release relief from this Court, absent a motion from the Director of the BOP, is premature, and is therefore denied. *See, e.g., Cabot v. Ormond*, No. CV 18-4423 (SDW), 2018 WL 1704790, at *2 (D.N.J. Apr. 9, 2018).

Petitioner also seeks relief under "the Holloway Doctrine." *See United States v. Holloway*, 68 F. Supp.3d 310, 315 (E.D.N.Y. 2014) (granting Rule 60(b) motion to reopen Petitioner's prior § 2255 motion after the government withdrew its opposition, and deriving from the § 2255 motion authority to vacate his sentence). *But see Acuna v. United States*, 07–00615

3

SOM, 2016 WL 3747531 at *1, *3 (D. Haw. July 8, 2016) (observing that petitioners asked for a sentence reduction under "the so-called Holloway Doctrine," and that another district court viewed the same as "not so much a doctrine, but as 'a single case carrying no precedential weight in this court.'" (quoting *United States v. Horton*, No. 2:12–CR–00007–F1, 2016 U.S. Dist. LEXIS 78611 (E.D.N.C. June 16, 2016)). As noted by other district courts, *Holloway* itself does not confer the power to vacate a sentence on the Court. *See Brown v. United States*, No. 1:00–CR–290, 2016 WL 4745822 at *2 (N.D. Ohio 2016) (holding that "*Holloway* does not create an actionable new right under federal law."); *United States v. Zullo*, No. 1:09-CR-64-2, 2017 WL 1058466, at *4 (D. Vt. Jan. 26, 2017) (same), report and recommendation adopted, No. 1:09-CR-00064-JGM-2, 2017 WL 1051110 (D. Vt. Mar. 20, 2017). The Court agrees with the other district courts that have considered this issue and finds that *Holloway* does not provide this Court with the authority to vacate the remainder of Petitioner's sentence absent a motion by the Director of the BOP pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Thus, because § 3582(c)(1)(A)(i) is clear that a court may reduce the term of imprisonment only if the BOP filed a motion on behalf of Petitioner, and because it appears that Petitioner has not applied to the BOP for compassionate release, the Court will deny the Petition for relief without prejudice to his filing of an appropriate request for relief with the BOP. In light of the dismissal of the Petition, the Court declines to refile this matter in Petitioner's criminal case.

IT IS, THEREFORE, on this 6th , day of September, 2018,

ORDERED that the "Petition for Release/ Reduction in Sentence Pursuant [to] 18 U.S.C. §3582 / Policy Statement 5050.49 and Application of the Holloway Doctrine" is denied WITHOUT PREJUDICE for the reasons stated in this Memorandum and Order; and it is further

ORDERED that the request to refile the Petition in Petitioner's criminal cases is DENIED in light of the dismissal of the Petition; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file and CLOSE this case accordingly.

Madeline Cox Arleo, District Judge
United States District Court

9-6-18